```
1   RANDY S. GROSSMAN
    United States Attorney
2   ALLISON B. MURRAY
    Special Assistant United States Attorney
3   California Bar No. 328814
    Federal Office Building
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone: (619) 546-9711
    Email: Allison.Murray@usdoj.gov
6
    Attorneys for Plaintiff
7   UNITED STATES OF AMERICA
```

FILED

DEC 06 2022

CLERK, U S DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

```
10  UNITED STATES OF AMERICA,          Case No. 21-CR-3608-CAB

11              Plaintiff,
         v.                            PLEA AGREEMENT
12
13  JORGE ALFREDO BARAJAS SANTOS (4),

14              Defendant.
```

15      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

16  AMERICA, through its counsel, Randy S. Grossman, United States Attorney,

17  Allison B. Murray, Special Assistant United States Attorney, and

18  Defendant JORGE ALFREDO BARAJAS SANTOS, with the advice and consent of

19  Ryan W. Stitt, counsel for Defendant, as follows:

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

Plea Agreement                              Def. Initials _____
                                            21-CR-3608-CAB

I

## THE PLEA

Defendant agrees to plead guilty to Count 2 of the Indictment in the above case charging defendant with:

On or about December 17, 2021, on board a vessel subject to the jurisdiction of the United States, defendants JULIO ALFREDO ANGULO CIFUENTES, JOSE ALIVER QUINONES PERLAZA, HARRY SEGUNDO SEGURA VALENCIA, JORGE ALFREDO BARAJAS SANTOS, did knowingly and intentionally possess, with intent to distribute, 5 kilograms and more, to wit: approximately 960 kilograms (2,112 pounds) of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 46, United States Code, Section 70503, and Title 18, United States Code, Section 2.

In exchange for defendant's guilty plea and sentencing on Count 2 of the Indictment and provided defendant complies fully with all the terms in this plea agreement, the Government agrees to (1) move to dismiss Count 1 without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charge unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

Defendant agrees to waive any potential argument that venue in the Southern District of California is not proper.

Def. Initials _JaBS_.
21-CR-3608-CAB

This plea agreement is part of a "package" disposition as set forth in Section VI.E below.  In order for defendant to receive the benefit of this agreement, codefendants JULIO ALFREDO ANGULO CIFUENTES, JOSE ALIVER QUINONEZ PERLAZA, and HARRY SEGUNDO SEGURA VALENCIA, also must plead guilty at the same time. See Section VI.E below.

## II

### NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

      1.    Defendant knowingly possessed cocaine;

      2.    Defendant possessed it with the intent to distribute it to another person;

      3.    At the time, the cocaine was on board a vessel subject to the jurisdiction of the United States.

In addition, although not elements, the Government would have to prove the following beyond a reasonable doubt:

      1.    That the collective weight of the cocaine on board the vessel was 5 kilograms and more, to wit: approximately 960 kilograms.

B.    ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

      1.    On or about December 17, 2021, Defendants JULIO ALFREDO ANGULO CIFUENTES, JOSE ALIVER QUINONES PERLAZA, HARRY SEGUNDO SEGURA VALENCIA, and JORGE ALFREDO BARAJAS

Plea Agreement

3

Def. Initials _JaBS._
21-CR-3608-CAB

1  SANTOS, knowingly and intentionally possessed
2  approximately 960 kilograms of cocaine on board a go-
3  fast vessel with the intent to distribute it to another
4  person.

5  2.  Defendant JORGE ALFREDO BARAJAS SANTOS further agrees
6  that at that time he was on board a go-fast vessel
7  without nationality, on the high seas, approximately 200
8  nautical miles west of Ecuador.

9  3.  Defendant also agrees that the United States could prove
10  beyond a reasonable doubt at trial that no claim of
11  registry or nationality was made by the master of the
12  vessel nor any of the defendants, the vessel was not
13  flying a nation's ensign or flag, and the vessel did not
14  possess any documents evidencing the vessel's
15  nationality, thus rendering the vessel without
16  nationality and subject to the jurisdiction of the
17  United States.

18  4.  Defendant was a crewmember on the go-fast vessel which
19  operated at various speeds and failed to stop as ordered
20  by law enforcement until the United States Coast Guard
21  conducted disabling fire and forced the vessel to stop.
22  Defendant either assisted with driving the vessel or
23  jettisoning the contraband during the flight from the
24  Coast Guard.

25  //
26  //
27  //
28  //

## III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A.   a maximum life in prison and a mandatory minimum 10 years;

B.   a maximum $10,000,000 fine;

C.   a mandatory special assessment of $100 per count; and

D.   a term of supervised release of at least 5 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.   Not testify or have any adverse inferences drawn from the failure to testify.

1    Defendant has been advised by counsel and understands that because
2    defendant is not a citizen of the United States, defendant's conviction
3    in this case makes it practically inevitable and a virtual certainty
4    that defendant will be removed or deported from the United States.
5    Defendant may also be denied United States citizenship and admission to
6    the United States in the future.

7                                        **V**

8              **DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE**
9       **PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

10        Any information establishing the factual innocence of Defendant
11   known to the undersigned prosecutor in this case has been turned over
12   to Defendant. The Government will continue to provide such information
13   establishing the factual innocence of Defendant.

14        If this case proceeded to trial, the Government would be required
15   to provide impeachment information for its witnesses. In addition, if
16   Defendant raised an affirmative defense, the Government would be
17   required to provide information in its possession that supports such a
18   defense. By pleading guilty Defendant will not be provided this
19   information, if any, and Defendant waives any right to this information.
20   Defendant will not attempt to withdraw the guilty plea or to file a
21   collateral attack based on the existence of this information.

22                                       **VI**

23             **DEFENDANT'S REPRESENTATION THAT GUILTY**
24                **PLEA IS KNOWING AND VOLUNTARY**

25   Defendant represents that:

26   A.   Defendant has had a full opportunity to discuss all the facts
          and circumstances of this case with defense counsel and has
27        a clear understanding of the charges and the consequences of
          this plea. By pleading guilty, Defendant may be giving up,
28

Plea Agreement                     6              Def. Initials _JoGS._
                                                   21-CR-3608-CAB

and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

E.   The disposition contemplated by this agreement is part of a "package" disposition with codefendant(s) JULIO ALFREDO ANGULO CIFUENTES, JOSE ALIVER QUINONEZ PERLAZA, and HARRY SEGUNDO SEGURA VALENCIA. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the Government is relieved from and not bound by any terms in any agreements in the package.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must

Plea Agreement                    7                    Def. Initials JCBS
                                                        21-CR-3608-CAB

1  consult the United States Sentencing Guidelines (Guidelines) and take
2  them into account. Defendant has discussed the Guidelines with defense
3  counsel and understands that the Guidelines are only advisory, not
4  mandatory. The Court may impose a sentence more severe or less severe
5  than otherwise applicable under the Guidelines, up to the maximum in
6  the statute of conviction. The sentence cannot be determined until a
7  presentence report is prepared by the U.S. Probation Office and defense
8  counsel and the Government have an opportunity to review and challenge
9  the presentence report. Nothing in this plea agreement limits the
10  Government's duty to provide complete and accurate facts to the district
11  court and the U.S. Probation Office.

12                                    IX

13              **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

14       This plea agreement is made pursuant to Federal Rule of Criminal
15  Procedure 11(c)(1)(B). The sentence is within the sole discretion of
16  the sentencing judge who may impose the maximum sentence provided by
17  statute. It is uncertain at this time what Defendant's sentence will
18  be. The Government has not made and will not make any representation
19  about what sentence Defendant will receive. Any estimate of the probable
20  sentence by defense counsel is not a promise and is not binding on the
21  Court. Any recommendation by the Government at sentencing also is not
22  binding on the Court. If the sentencing judge does not follow any of
23  the parties' sentencing recommendations, Defendant will not withdraw
24  the plea.
25  //
26  //
27  //
28

**X**

**PARTIES' SENTENCING RECOMMENDATIONS**

A.    SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. Base Offense Level [§ 2D1.1(c)(1)] | | 38* |
| 2. Safety Valve [§ 2D1.1(b)(18)] | | -2** |
| 3. Acceptance of Responsibility [§ 3E1.1] | | -3 |
| 4. Combination of Circumstances/ Appeal Waiver | | −4 |
| | Total | 29 |

\*The actual **Base Offense Level (BOL)** cannot be determined until a laboratory has performed a chemical analysis of a sample of the controlled substance(s), so this calculation is subject to change. At sentencing, the parties will recommend a BOL consistent with the results of the laboratory testing. If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to § 4B1.1(b). Furthermore, defendant will be ineligible for any role reduction.

\*\*If defendant truthfully discloses to the government all information and evidence the defendant has concerning the offense and relevant conduct, and if defendant otherwise qualifies for the "safety valve" in § 5C1.2 and the criminal history requirements as provided in the First Step Act, the government will recommend a two-level reduction under § 2D1.1(b)(18), and relief from any statutory mandatory minimum sentence pursuant to § 5C1.2. Defendant understands that if he does not qualify

1 for § 5C1.2, defendant may be subject to a statutory mandatory minimum

2 sentence.

3     B.   ACCEPTANCE OF RESPONSIBILITY

4     Despite paragraph A above, the Government need not recommend an

5 adjustment for Acceptance of Responsibility if Defendant engages in

6 conduct inconsistent with acceptance of responsibility including, but

7 not limited to, the following:

8         1.   Fails to truthfully admit a complete factual basis as

9            stated in the plea at the time the plea is entered, or

10            falsely denies, or makes a statement inconsistent with,

11            the factual basis set forth in this agreement;

12         2.   Falsely denies prior criminal conduct or convictions;

13         3.   Is untruthful with the Government, the Court or

14            probation officer; or

15         4.   Breaches this plea agreement in any way.

16     C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE

17        UNDER 18 U.S.C. § 3553

18     1. Except as described in paragraph C2, Defendant may request or

19 recommend additional downward adjustments, departures, or variances

20 from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government

21 will oppose any downward adjustments, departures, or variances not set

22 forth in Section X, paragraph A above.

23     2. The defendant may not seek any additional downward adjustments,

24 departures, or variances from the Sentencing Guidelines under 18 U.S.C.

25 § 3553 based on the defendant's transportation or detention before his

26 initial appearance in the Southern District of California. This

27 includes, but is not limited to, arguments based on the conditions of

28

1  detention while at sea or the amount of time detained at sea before the
2  initial appearance.

3      D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

4      The parties have **no** agreement as to Defendant's Criminal History
5  Category.

6      E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

7      The facts in the "factual basis" paragraph of this agreement are
8  true and may be considered as "relevant conduct" under USSG § 1B1.3 and
9  as the nature and circumstances of the offense under 18 U.S.C.
10  § 3553(a)(1).

11      F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

12      The Government agrees to recommend the greater of: within the
13  advisory guidelines range as calculated by the Government, or the
14  applicable statutory mandatory minimum sentence if Defendant does not
15  qualify for Safety Valve.

16      G.    SPECIAL ASSESSMENT/FINE

17          1.    Special Assessment

18      The parties will jointly recommend that Defendant pay a special
19  assessment in the amount of $100.00 to be paid forthwith at time of
20  sentencing.    Special assessments shall be paid through the office of
21  the Clerk of the District Court by bank or cashier's check or money
22  order made payable to the "Clerk, United States District Court."

23          2.    Fine

24      The parties will not recommend imposition of a fine due to
25  Defendant's limited financial prospects and because the cost of
26  collection, even taking into account the Inmate Responsibility Program,
27
28

Plea Agreement                            11                    Def. Initials _____

                                                                21-CR-3608-CAB

1  likely would exceed the amounts that could reasonably be expected to be
2  collected.
3      H.    SUPERVISED RELEASE
4      If the Court imposes a term of supervised release, Defendant will
5  not seek to reduce or terminate early the term of supervised release
6  until Defendant has served at least 2/3 of the term of supervised
7  release and has fully paid and satisfied any special assessments, fine,
8  criminal forfeiture judgment, and restitution judgment.
9                                    XI
10            **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**
11      Defendant waives (gives up) all rights to appeal and to
12  collaterally attack every aspect of the conviction and sentence,
13  including any restitution order.  The only exceptions are Defendant may
14  collaterally attack the conviction or sentence on the basis that
15  Defendant received ineffective assistance of counsel.
16                                   XII
17              **BREACH OF THE PLEA AGREEMENT**
18      Defendant and Defendant's attorney know the terms of this agreement
19  and shall raise, before the sentencing hearing is complete, any claim
20  that the Government has not complied with this agreement. Otherwise,
21  such claims shall be deemed waived (that is, deliberately not raised
22  despite awareness that the claim could be raised), cannot later be made
23  to any court, and if later made to a court, shall constitute a breach
24  of this agreement.
25      Defendant breaches this agreement if Defendant violates or fails
26  to perform any obligation under this agreement. The following are non-
27  exhaustive examples of acts constituting a breach:
28

1       1.   Failing to plead guilty pursuant to this agreement;

2       2.   Failing to fully accept responsibility as established in

3            Section X, paragraph B, above;

4       3.   Failing to appear in court;

5       4.   Attempting to withdraw the plea;

6       5.   Failing to abide by any court order related to this case;

7       6.   Appealing (which occurs if a notice of appeal is filed)

8            or collaterally attacking the conviction or sentence in

9            violation of Section XI of this plea agreement; or

10      7.   Engaging in additional criminal conduct from the time of

11            arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual

13

Plea Agreement

Def. Initials _JaB._
21-CR-3608-CAB

1 basis statement in Section II.B in this agreement; and (iii) any
2 evidence derived from such statements, are admissible against Defendant
3 in any prosecution of, or any action against, Defendant. This includes
4 the prosecution of the charge(s) that is the subject of this plea
5 agreement or any charge(s) that the prosecution agreed to dismiss or
6 not file as part of this agreement, but later pursues because of a
7 breach by the Defendant. Additionally, Defendant knowingly,
8 voluntarily, and intelligently waives any argument that the statements
9 and any evidence derived from the statements should be suppressed,
10 cannot be used by the Government, or are inadmissible under the United
11 States Constitution, any statute, Rule 410 of the Federal Rules of
12 Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and
13 any other federal rule.

14                              **XIII**

15              **CONTENTS AND MODIFICATION OF AGREEMENT**

16      This plea agreement embodies the entire agreement between the
17 parties and supersedes any other agreement, written or oral. No
18 modification of this plea agreement shall be effective unless in writing
19 signed by all parties.

20                              **XV**

21          **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

22      By signing this agreement, Defendant certifies that Defendant has
23 read it (or that it has been read to Defendant in Defendant's native
24 language). Defendant has discussed the terms of this agreement with
25 defense counsel and fully understands its meaning and effect.
26 //
27 //
28

Plea Agreement                     14           Def. Initials _____
                                                 21-CR-3608-CAB

1

XVI

2

DEFENDANT SATISFIED WITH COUNSEL

3      Defendant has consulted with counsel and is satisfied with

4  counsel's representation. This is Defendant's independent opinion, and

5  Defendant's counsel did not advise Defendant about what to say in this

6  regard.

7                                          RANDY S. GROSSMAN
                                           United States Attorney

8  01 DEC 2022

9  DATED                                   ALLISON B. MURRAY
                                           Special Assistant U.S. Attorney

10

11  11/25/22

12  DATED                                   RYAN W. STITT
                                           Defense Counsel

13

14  IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER
   PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE
15  ARE TRUE.

16  11/25/22

17  DATED                                   JORGE ALFREDO BARAJAS SANTOS
                                           Defendant

18

19  Approved By:

20  /S/ VICTOR P. WHITE

21  VICTOR P. WHITE
   Assistant U.S. Attorney

22

23

24

25

26

27

28

Plea Agreement                    15                Def. Initials JEABS.
                                                     21-CR-3608-CAB